# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LIBERTY OF OKLAHOMA CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) Case No. CIV-24-86-F ) **Jury Trial Demanded** |
| APERA TOBIASON, | ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Liberty of Oklahoma Corporation ("Plaintiff" or "Liberty") for its Complaint in the above-entitled action, alleges and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Liberty is a business corporation organized and existing under the laws of Oklahoma, with its principal place of business in Oklahoma.

2. Upon information and belief, Defendant, Apera Tobiason, is a citizen of the United States and a resident of the State of Oklahoma.

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3) because this dispute arises from a settlement related to claims arising under Title VII of the Civil Rights Act of 1964 reached during a mediation conducted by a federal agency, the Equal Employment Opportunity Commission ("EEOC").

4. The settlement was entered into between the Parties in Oklahoma County, Oklahoma, and venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

5. This Court has jurisdiction to enter a declaratory judgment in this matter pursuant to 28 U.S.C. § 2201. As is set forth fully below, there currently exists an actual case in controversy between the Parties.

## FACTS

6. Liberty restates, readopts, and re-alleges all of the allegations contained in Paragraphs 1-5 of the Complaint as if fully set forth herein.

7. On September 19, 2023, Defendant executed a Charge of Discrimination with the EEOC alleging discrimination and retaliation based on sex in violation of Title VII of the Civil Rights Act of 1964, Charge No. 564-2023-01808 (the "Charge"). All of Defendant's claims were, are, and continue to be, denied by Liberty.

8. Liberty and Defendant (the "Parties") voluntarily agreed to mediation administered by the EEOC.

9. On November 29, 2023, the Parties engaged in EEOC mediation. Liberty was represented by the undersigned counsel. Michael Talton served as the EEOC Mediator.

10. Defendant was represented by Randy Wagner and Patricia Podolec. Ms. Podolec and Defendant appeared via Zoom from Ms. Podolec's office. Regan Wagner also appeared via Zoom on behalf of Randy Wagner.

11. The mediation lasted all day. After a joint session late in the day, the Parties reached a settlement. The Parties exchanged emails with each other and EEOC mediator Mr. Talton on November 29-30, 2023 evidencing their agreement.

12. These e-mails in which the Parties communicated their offer and acceptance of the terms reached at the EEOC mediation created a binding settlement agreement.

13. Having entered into a binding settlement agreement, the EEOC mediation concluded.

14. After reaching a binding settlement, Defendant circulated a formal settlement agreement for Defendant's consideration on December 7, 2023.

15. On December 27, 2023, having not heard from Defendant, Liberty's counsel contacted Ms. Podolec inquiring about the execution of the formal document.

16. Liberty's counsel learned that Defendant fired Ms. Podolec and Randy Wagner on/about December 14, 2023.

17. Defendant never executed the proposed formal settlement agreement.

18. Liberty's counsel learned that Defendant intends to repudiate the settlement agreement reached at the EEOC mediation.

19. Defendant has no valid basis for avoiding the settlement agreement she voluntarily entered into at the EEOC mediation.

20. The fact that Defendant may now be unhappy with the settlement to which she already agreed cannot relieve her of its enforcement.

21. Defendant has since filed a lawsuit against Plaintiff in the District Court of Oklahoma County in breach of the settlement agreement, seeking relief against Plaintiff and Plaintiff's affiliated entities for claims that were released as part of the settlement.

## DECLARATORY RELIEF

22. Liberty requests declaratory judgment pursuant to 28 U.S.C § 2201 for the purpose of determining an actual controversy among the Parties. Liberty requests a

declaratory judgment recognizing the validity of the settlement agreement entered into between the Parties at the EEOC mediation.

23. The Parties formed a valid and enforceable contract when their respective counsel communicated their acceptance of the settlement terms via email during and shortly after the EEOC mediation.

24. The fact that Defendant did not execute the formal document memorializing the agreement is irrelevant to the enforceability of the terms of the settlement agreed upon by the Parties, as evidenced in the emails exchanged between the Parties[1].

25. Defendant has since filed a lawsuit against Plaintiff in the District Court of Oklahoma County in breach of the settlement agreement, seeking relief against Plaintiff and Plaintiff's affiliated entities for claims that were released as part of the settlement.

26. As a result of Defendant's attempted repudiation of the settlement agreement, there exists an actual, substantial controversy between the Parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

27. An actual and justiciable controversy exists between Liberty and Defendant as to whether the settlement agreement entered into by the Parties as the result of the EEOC mediation is valid and enforceable, and whether Defendant is in breach of the settlement agreement. A judicial declaration is necessary and appropriate so that Liberty may ascertain its rights in relation to Defendant.

---

[1] Liberty will provide these settlement emails and other evidence in support of its Complaint to the Court under seal.

## **PRAYER FOR RELIEF**

Plaintiff Liberty respectfully requests that judgment be entered in its favor and prays that the Court grant the following relief:

A. A declaration that the Parties entered into a valid and enforceable settlement agreement, as set out in the settlement emails exchanged with the EEOC on November 29-30, 2023;

B. Its attorney fees and costs in filing this Complaint and seeking the declaratory relief;

C. A jury trial on all issues that are triable by jury in this action; and

D. Such further relief as the Court may deem just and proper.

Respectfully submitted,

*s/Paige H. Good*
Paige H. Good, OBA #31595
Connor C. Curtis, OBA #35578
MCAFEE & TAFT A PROFESSIONAL CORPORATION
Eighth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK 73102-7103
Telephone:  (405) 235-9621
Facsimile:   (405) 235-0439
paige.good@mcafeetaft.com
connor.curtis@mcafeetaft.com

**ATTORNEYS FOR PLAINTIFF LIBERTY OF OKLAHOMA CORPORATION**