## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

LIBERTY OF OKLAHOMA           )
CORPORATION,                  )
                              )
            Plaintiff,        )
                              )
-vs-                          )          Case No. CIV-24-86-F
                              )
APERA TOBIASON,               )
                              )
            Defendant.        )

## ORDER

Defendant Apera Tobiason (Tobiason) has moved to dismiss the complaint of plaintiff Liberty of Oklahoma Corporation (Liberty).  *See*, doc. no. 10.  Liberty has responded, opposing dismissal.  *See*, doc. no. 16.  Defendant has replied.  *See*, doc. no. 18.  Upon due consideration, the court makes its determination.

I.

Tobiason is a former employee of Liberty.  In September of 2023, she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) claiming sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq*.  Liberty denied Tobiason's claims.  During the EEOC proceedings, Liberty and Tobiason voluntarily agreed to a mediation administered by the EEOC.  The mediation was conducted via Zoom in November of 2023.  Both parties were represented by counsel.  According to Liberty, the parties reached a settlement, and they exchanged emails with each other and the EEOC mediator evidencing the agreement.  The mediation, which lasted all day, concluded.  Thereafter, in early December of 2023, Liberty circulated

a formal settlement agreement for Tobiason's consideration.  In late December of 2023, when Liberty had not heard from Tobiason, Liberty's counsel reached out to Tobiason's counsel inquiring about execution of the agreement.  Liberty learned that Tobiason had fired her counsel.  It also learned that Tobiason intended to repudiate the settlement agreement reached at the EEOC mediation.

On January 23, 2024, Tobiason, through new counsel, filed an action in the District Court of Oklahoma County, Case No. CJ-2024-437, against Liberty and an affiliated entity, and several individuals.  The petition alleges only state common law and statutory claims.  Two days later, Liberty commenced this action against Tobiason requesting a declaratory judgment, pursuant to 28 U.S.C. § 2201, that the settlement agreement reached between the parties at the EEOC mediation is valid and enforceable.  In its complaint, Liberty alleges the court has federal question jurisdiction over the matter under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3) because the dispute between the parties arises from a settlement regarding Title VII claims reached during a mediation conducted by EEOC.

In her motion, Tobiason contends the court lacks subject matter jurisdiction over Liberty's complaint, claiming it involves a state law question—whether a settlement agreement (contract) exists between the parties.[1]  Even if the court has subject matter jurisdiction, Tobiason maintains the complaint is subject to dismissal because it fails to state a plausible claim against her.[2]  Specifically, Tobiason asserts

---

[1] Generally, a motion to dismiss under Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack.  Tobiason's motion mounts a facial challenge to Liberty's complaint.  "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint."  Holt v. U.S., 46 F.3d 1000, 1002 (10th Cir. 1995).  In reviewing Tobiason's facial attack, the court must accept the allegations of Liberty's complaint as true.  Id.

[2] To withstand a motion to dismiss under Rule 12(b)(6), Fed. R. Civ P., a complaint must contain enough allegations of fact, taken as true, "'to state a claim to relief that is plausible on its face.'"

that the complaint fails to allege facts to establish mutual consent by the parties, *i.e.*, a meeting of the minds.  Lastly, should the court find Liberty's complaint sufficiently alleges a plausible claim against her, Tobiason asks the court to dismiss or stay this action in favor of her first-filed state-court action.

## II.

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction."  Morris v. City of Hobart, 39 F.3d 1105, 1111 (10th Cir. 1994).  In this case, the parties are not diverse.  Thus, if federal subject matter jurisdiction exists, it must arise under a law of the United States.  *Id*. (citing 28 U.S.C. § 1331).

"The jurisdictional grant embodied in Title VII states only that federal courts have jurisdiction over actions 'brought under' Title VII."  Morris, 39 F.3d at 1112 (quoting 42 U.S.C. § 2000e-5(f)(3)).  However, several courts have held that suits involving breach of conciliation agreements and predetermination settlement agreements[3] negotiated by the EEOC are "brought under" Title VII.  Ruedlinger v. Jarrett, 106 F.3d 212, 215 (7th Cir. 1997); Eatmon v. Bristol Steel & Iron Works, Inc., 769 F.2d 1503, 1513 (11th Cir. 1985); E.E.O.C. v. Henry Beck Co., 729 F.2d 301, 305 (4th Cir. 1984);  E.E.O.C. v. Safeway Stores, Inc., 714 F.2d 567, 571-72 (5th Cir. 1983), *cert. denied*, 467 U.S. 1204 (1984);  E.E.O.C. v. Liberty Trucking Co., 695 F.2d 1038, 1044 (7th Cir. 1982); Foster v. Echols County School District, 2024 WL 2979543, at *4 (M.D. Ga. June 13, 2024); White v. Ameritel Corp., 2010 WL 3547988, at *4 (D. Md. Sept. 9, 2010); Murphy v. Potter, 2007 WL 2688893, at

Khalik v. United Air Lines, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

[3] "A predetermination settlement agreement is a contract between a complaining employee and the allegedly discriminatory employer that is reached with the aid of the EEOC prior to an EEOC determination of the merits of the complaining employee's charge of discrimination." Brewer v. Muscle Shoals Bd of Educ., 790 F.2d 1515, 1519 (11th Cir. 1986).

*1 (D.N.H. Sept. 13, 2007); <u>Morigney v. Engineered Custom Plastics Corp.</u>, 820 F. Supp. 987, 988-89 (D.S.C. 1993).

The Tenth Circuit has not addressed this precise issue.  In <u>Brito v. Zia Co.</u>, 478 F.2d 1200, 1204 (10th Cir. 1973), the Tenth Circuit affirmed a district court's award of damages for breach of a Title VII conciliation agreement without discussing the jurisdictional issue.  Upon review, the court is persuaded by the reasoning of the cited courts, including <u>Ruedlinger</u>, that jurisdictional grant in § 2000e-5(f)(3) vests this court with the jurisdiction necessary to further Congress' goal of conciliation and voluntary compliance with Title VII.  *See*, <u>Ruedlinger</u>, 106 F.3d at 214-15.[4]

The court acknowledges the Tenth Circuit in <u>Morris v. City of Hobart</u>, 39 F.3d 1105 (10th Cir. 1994), concluded the district court lacked subject matter jurisdiction over a lawsuit for breach of a settlement agreement involving Title VII claims.  In <u>Morris</u>, the plaintiff brought a lawsuit against defendant in federal court alleging Title VII violations.  The parties settled the matter, and the case was dismissed without the court retaining jurisdiction over the settlement agreement or incorporating the settlement agreement into the order of dismissal.  Several years later, the plaintiff again filed suit against defendant, claiming it breached the settlement agreement.  The Tenth Circuit found that the breach of contract claim did not require resolution of a substantial question of federal law.  Specifically, it found no suggestion that Congress intended to confer federal question jurisdiction over contract disputes arising out of private settlements.  And while recognizing that Title VII provides that federal courts have jurisdiction over actions "brought under" Title

---

[4] Although <u>Ruedlinger</u> was decided in 1997, the court notes that the Seventh Circuit has continued to follow its ruling.  *See*, <u>Holmes v. Potter</u>, 552 F.3d 536, 539 (7th Cir. 2008).

VII, the Tenth Circuit stated the "case was brought under state contract law, not Title VII." *Id*. at 1112.

In its decision, the Tenth Circuit, however, noted that "[a] number of courts have held that suits involving the breach of conciliation agreements and predetermination settlement agreements negotiated by the [EEOC] are 'brought under' Title VII." Morris, 39 F.3d at 1111 n. 4.  According to the Tenth Circuit, "these courts reasoned that the elaborate statutory scheme under which these agreements were reached illustrates congressional intent to include enforcement of these agreements under section 2000e-5(f)(3)." *Id*.  "Without adopting the reasoning of these decisions," the Tenth Circuit found that "settlement contracts between private parties do not implicate the same degree of congressional concern." *Id*.

The Tenth Circuit in Morris recognized that courts have treated questions of subject matter jurisdiction differently where the settlement agreement involved the EEOC.  Although it did not adopt the reasoning of those courts in Morris or in a subsequent decision, Lindstrom v. U.S., 510 F.3d 1191, 1195 n. 5 (10th Cir. 2007), the court opines the Tenth Circuit, presented with the circumstances alleged in Liberty's complaint, would follow those decisions.  The court therefore concludes that it has subject matter jurisdiction over Liberty's complaint under Title VII, 42 U.S.C. § 2000e-5(f)(3).  Consequently, the court need not specifically address the question whether 28 U.S.C. § 1331 provides a basis for jurisdiction.  *See*, E.E.O.C. v. Henry Beck Co., 729 F.2d at 306 n. 10.

In sum, the court concludes that it has subject matter jurisdiction over Liberty's complaint.  The court concludes that dismissal of the complaint is not appropriate under Rule 12(b)(1).

### III.

Tobiason contends that Liberty's complaint should be dismissed because it fails to state a plausible claim against her.  Specifically, she asserts the complaint

fails to state non-conclusory facts to establish an essential element—mutual consent between the parties, *i.e.*, a meeting of the minds. Tobiason relies on Oklahoma law for determining whether Liberty has stated a plausible claim against her. Liberty also references Oklahoma law in its opposition papers. It is not entirely clear whether state law applies.[5] Assuming state law applies, the court, viewing all allegations of the complaint as true and in the light most favorable to Liberty, and indulging all reasonable inferences in its favor,[6] concludes that Liberty has alleged sufficient facts to demonstrate mutual consent of the parties, *i.e.*, a meeting of the minds. Thus, the court concludes that Liberty has stated a plausible claim against Tobiason and that dismissal of Liberty's declaratory judgment claim under Rule 12(b)(6) is not warranted.

IV.

Lastly, Tobiason contends that even if subject matter jurisdiction exists and Liberty's complaint states a plausible claim against her, the court should abstain from adjudicating Liberty's declaratory judgment action in favor of Tobiason's state court action. Specifically, Tobiason asserts that the court should dismiss or stay this action.

---

[5] *See*, Morris, 39 F.3d at 1112 (federal common law does not govern interpretation of agreement between two private parties settling Title VII litigation); *but see*, Brewer, 790 F.2d at 1519 (construction of predetermination settlement agreement is governed by principles of federal common law); Snider v. Circle K Corp., 923 F.2d 1404, 1407 (10th Cir. 1991) ("[f]ederal common law governs the enforcement and interpretation of [Title VII settlement] agreements"), citing Brewer); *see also*, Boulware v. Baldwin, 545 Fed.Appx. 725, 728 n.2 (10th Cir. 2013) (noting uncertainty in Tenth Circuit law whether state law or federal law governs the enforcement and interpretation of settlement agreements involving federal claims).

[6] Mink v. Knox, 613 F.3d 995, 1002 (10th Cir. 2010).

Under the federal Declaratory Judgment Act,[7] the court has "the power, but not the duty, to hear claims for declaratory judgment."  Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc., 685 F.3d 977, 980 (10th Cir. 2012).  In deciding whether to exercise its discretion and hear a claim for declaratory judgment, the court must consider the following factors:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

Id. at 980-981 (quoting State Farm Fire & Casualty Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994)).

Upon consideration of the relevant factors, the court concludes that all factors other than the procedural fencing factor favor dismissal of this action.  As to the first two factors, the court concludes that the exercise of its declaratory judgment jurisdiction would be unnecessarily duplicative and uneconomical because this action would not settle the entire controversy between the parties or serve a useful purpose in clarifying the legal relations at issue.  The state court record, which the court judicially notices pursuant to Rule 201, Fed. R. Evid., reflects that Liberty has alleged a breach of contract counterclaim against Tobiason regarding her alleged disclosure of confidential information in violation of the alleged settlement

---

[7] The Act provides, in relevant part: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).

agreement and other agreements. That counterclaim would not be settled by this action. The declaratory judgment claim asserted in this action, however, is asserted as a counterclaim along with the breach of contract counterclaim in the state court action. Consequently, the state court action would dispose of all claims between the parties to this action. The court thus concludes that the first two factors favor dismissal.

As to third factor, the court does not perceive Liberty is using this action for procedural fencing or to provide an arena for a race to *res judicata*. Although Tobiason's action was filed before Liberty's action, the state court record does not indicate that Liberty was aware of Tobiason's action when it filed this action. The state court record indicates that Liberty's registered service agent was served with process the day before Liberty filed this action, but there is nothing in the record before this court to indicate that Liberty was given notice of that action prior to its filing of its complaint. While Liberty had knowledge that Tobiason had terminated her attorneys and repudiated the settlement agreement negotiated by the EEOC prior to filing this action, there is no clear indication that Liberty knew Tobiason was planning to file the state court action. There is nothing to show that Liberty, by filing this action, sought to avoid a negative outcome in the state court. The court concludes that the third factor does not favor dismissal of this action.

With respect to the fourth factor, the court concludes that this declaratory action may increase friction between this federal court and the state court and encroach on state jurisdiction. The state court record reflects that the state court denied Liberty's emergency motion to stay the state action. That motion was premised on the filing of this action. By so ruling, the state court indicated a preference to go forward with its action rather than to defer to this court. Because Liberty has filed its declaratory judgment counterclaim in state court, a decision by this court on Liberty's declaratory judgment claim would resolve a matter that is

squarely before the state court over which it has jurisdiction to decide.  *See*, Yellow Freight System, Inc. v. Donnelly, 494 U.S. 820, 821 (1990) (federal courts do not have exclusive jurisdiction over civil actions brought under Title VII).  In the court's view, a decision by this court would cause friction or may prevent the state court from determining the same issue before it.  The court concludes that the fourth factor favors dismissal.

As to the fifth factor, the court concludes that the state court is better situated to provide complete relief to the parties in this action.  The breach of contract counterclaim is not present in this case.  In the court's view, the state court action is the better and more effective way to settle the dispute between the parties.  The court therefore will grant Tobiason's motion to dismiss to the extent it requests the court to abstain from exercising jurisdiction over this declaratory judgment action and will dismiss Liberty's complaint and action without prejudice.

V.

Accordingly, Defendant's Motion to Dismiss Plaintiff's Complaint (doc. no. 10) is **GRANTED** to the extent it requests the court to abstain from exercising jurisdiction over this declaratory judgment action.  Plaintiff Liberty of Oklahoma Corporation's complaint and action against defendant Apera Tobiason is **DISMISSED WITHOUT PREJUDICE**.  A separate judgment will be entered.

DATED this 22nd day of July, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

24-0086p002 rev_.docx